12-2903-cr
*United States v. Jacobson*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of November, two thousand twelve.

Present:
> Pierre N. Leval,
> José A. Cabranes,
> Robert D. Sack,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> > v.

ERIC JACOBSON,

> *Defendant-Appellant.*

No. 12-2903-cr

ORDER

---

**FOR DEFENDANT-APPELLANT:** BARRY S. ZONE (Christina M. Gaudio, *on the brief*), Moses & Singer, LLP, New York, NY.

**FOR APPELLEE:** LARA TREINIS GATZ (Emily E. Berger, *on the brief*), *for* Loretta E. Lynch, United States Attorney, United States Attorney's Office for the Eastern District of New York.

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's July 18, 2012 Order is **AFFIRMED**.

Defendant Appellant Eric Jacobson appeals from an order denying him bail pending trial. In his motion, he asserts that the District Court for the Eastern District of New York (Joseph F. Bianco, *Judge*) erroneously denied his bail application and issued its July 18, 2012 detention order. We heard oral argument on October 23, 2012, and affirm the District Court's detention order.

We review a district court's bail determination, including its findings of fact, for clear error. *See United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995). We will not reverse "unless on the entire evidence we are left with the definite and firm conviction that a mistake has been committed." *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007) (internal quotation marks omitted); *see also United States v. LaFontaine*, 210 F.3d 125, 130 (2d Cir. 2000).

18 U.S.C. § 3142(e) allows a district court to order pre-trial detention if it concludes, after a hearing, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." To determine whether pre-trial detention is warranted, a district court properly considers: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence supporting the charges; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See id.* § 3142(g).

On the record presented, we cannot conclude that the District Court erred, much less, clearly erred, in finding that pre-trial detention is appropriate in this case. Under 18 U.S.C. § 3142(e)(3)(A), Jacobson's charged offenses, one count of conspiring to distribute a controlled substance, namely oxycodone, in violation of 21 U.S.C. § 846, and five counts of distributing a controlled substance, namely oxycodone, in violation of 21 U.S.C. § 841(a)(1), trigger a presumption in favor of detention. Moreover, the evidence demonstrates that—after he lost his medical practice and after his DEA license was suspended—Jacobson continued to make oxycodone available to his former patients, many of whom had previously been discharged by the doctor hired after Jacobson's arrest because they were addicted to oxycodone. Not only did Jacobson attempt to use other physicians with DEA licenses to prescribe oxycodone inappropriately to his former patients, but he also left prescriptions for oxycodone under the doormat at his house for former patients to pick up in exchange for cash.

2

Even though we conclude that the District Court's order denying pre-trial bail was not clearly erroneous, we expect that the government will proceed to trial as expeditiously as possible to ensure that Jacobson's pre-trial detention is no longer than necessary.

For these reasons, the District Court's July 18, 2012 Order is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk